CR 01-62 JMR



can fix it. I'm not going to give you any lectures about that. Heaven help us, you've heard more of those than I've got time for and probably more than interest you.

I looked at your age, and I know I'm going to send you for 151 months because that's what I'm required to do. You will be almost exactly my age when you get out. Please, God, we both have got a few more years after that, so maybe you can figure out somewhere between now and then somehow to deal with your problem. If you can't, we'll feed, clothe, and shelter you for the rest of your life too, but that's sort of a bad arrangement for both of us. So I hope you get it better and I hope you get it right and maybe just by getting older you'll decide you've got to live the rest of your life a different way, because you can't do the same one you're using, otherwise they won't let you ever come out again. That's sort of the situation.

With those things in mind, I tell you, Donald Lee Bolin that you were charged in Count 1 and in Count 2 of an indictment, that being with bank robbery, in violation of 18 United States Code 2113(a). And based upon your plea of guilty, it is considered and adjudged that you are guilty of those offenses. And therefore it is adjudged that you are committed to the custody of the Bureau of Prisons for imprisonment for a term of 151 months. Each sentence will run concurrently, but will run consecutive to the

DEC 30 2004

undischarged term of imprisonment you are presently serving. How much is left on that end?

THE DEFENDANT: Six months, eight months is left.

THE COURT: All right. If you have a choice, where would you serve -- choose to serve your confinement?

THE DEFENDANT: Oxford, Wisconsin.

THE COURT: I'm sorry?

THE DEFENDANT: Oxford, Wisconsin.

THE COURT: Is that the place you were at before?

THE DEFENDANT: Yes, sir.

THE COURT: I will recommend that you be confined in a federal correctional institution or jail-type facility located in the state of Wisconsin, particularly Oxford. It is thereafter ordered -- I suppose you know, but I want to make it clear, I can't guarantee you go there.

THE DEFENDANT: Yes, sir, I know that.

THE COURT: I can tell 'em where to send you and tell 'em I hope you go there, and it's their issue, I'm afraid, not mine. It is ordered thereafter you serve a term of supervised release, that being of three years' duration, and during that time you must comply with state, federal, and local laws, comply with the rules and regulations of the probation office, abide by the standard conditions of supervised release. You may not possess a firearm or a dangerous weapon, you'll submit to whatever

Bolin,
I showed Ms. Hedrich your file and the copies of your transcript. Unfortunately for you, she agrees with me in interpreting it as though the judge meant the 6mos to be from 08-24-01 thru 02-24-2002. You are saying that you think he wanted you to have credit for six months as jail credit. We have done your comp the way it was ordered and by statute. We have credited you with the six months by starting your term the day it was imposed and the last 6 months of your SRV term ran CC to the new 151 month term. That is the 6 months. The" undischarged term of imprisonment you are presently serving" was the time left to serve on the SRV term or from 08-24-01 thru 02-24-2002. However, if you feel that the sentencing judge intended you to have six more months credit than we have awarded you should write to the judge and tell him what we have done. If he wants you to receive credit for more time spent in custody serving your Supv Release Violation term he needs to order specifically what it is he wants us to give you or reduce the term to 145 mos. It is probably worth a try. I do not know that it will change anything but I have seen it done once or twice. We really have computed your sentence the only way we can with the way it is ordered. You need to get the order changed if you want us to change your comp. I do understand what you are saying but unfortunately we can't compute your sentence that way with what we have.

Good luck.

Ms. Fikar, Records Office
04-01-2004

P.S. Enclosed are your transcripts