UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Cr. No. 01-62 (JMR/FLN)
Civ. No. 05-2401 (JMR)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD LEE BOLIN,<br><br>Defendant. | **UNITED STATES MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

The United States of America, appearing through Thomas B. Heffelfinger, United States Attorney, and Nicole A. Engisch, Assistant United States Attorney, hereby submits this memorandum in opposition to Defendant Donald Lee Bolin's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

**INTRODUCTION**

Bolin moves this Court to vacate his sentence based on claims of ineffective assistance of counsel. Specifically, he asserts that from the day he was taken into custody, he had very little contact with his court appointed attorney, and that she failed to raise several issues at sentencing. He also states, without any elaboration or explanation, that if some recent (but unspecified) decisions by the Supreme Court and Eighth Circuit had been decided at the time of his trial, he would not have been sentenced as a career offender.

Bolin's motion is untimely and should be dismissed. His conviction became final in September 2001, and under the one-year

statutory time limit, he had until September 2002 to file a Section 2255 motion. His claims are now time-barred. While the one-year time limit on such claims can be extended, such as if there are extraordinary circumstances beyond the movant's control that prevented him from filing a timely Section 2255 motion, Bolin has not alleged nor demonstrated any of these circumstances.

**PROCEDURAL BACKGROUND**

On April 16, 2001, Bolin appeared before this Court and entered a plea of guilty to Counts 1 and 2 of the Indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a). On August 24, 2001, Bolin was sentenced to 151 months, followed by three years of supervised release. See Judgment in a Criminal Case at pp. 2 and 3. Bolin did not file a direct appeal. His conviction became final ten days later, on September 3, 2001.

On October 21, 2005, Bolin filed this pro se motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.

**ARGUMENT**

**BOLIN'S MOTION UNDER 28 U.S.C. § 2255 IS TIME-BARRED AND SHOULD BE DISMISSED**

Bolin has failed to comply with the one-year time limit for filing a Section 2255 motion, as prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an act which became effective April 24, 1996. Prior to the enactment of the AEDPA, a federal defendant could bring a Section 2255 motion at any time. The AEDPA, however, enacted a one-year time limit.

Specifically, Section 2255 motions may be filed up to one year from the date of the latest applicable triggering event. The triggering events are as follows:

> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. See Moore v. United States, 173 F.3d 1131, 1133 (8th Cir. 1999).[1]

In this case, the latest triggering event is the date on which the judgment of conviction became final, or September 3, 2001. Thus, Bolin had up until one year later, or until September 4, 2002, to file his habeas motion. Bolin filed this untimely motion on October 21, 2005, over three years too late. Bolin's petition is therefore untimely under Section 2255. See United States v.

[1]The procedural changes of the AEDPA were upheld by the Supreme Court in Felker v. Turpin, 518 U.S. 651 (1996).

Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000)("district court correctly dismissed Lurie's § 2255 motion as being beyond the one-year statute of limitations . . . of 28 U.S.C. § 2255 as amended by the [AEDPA]").

Further, Bolin has neither demonstrated nor even alleged that any of the other, later triggering events should apply, such as a constitutional violation or a government impediment that prevented him from filing a timely motion.[2] Similarly, Bolin has not demonstrated nor alleged that there were extraordinary circumstances preventing his filing a timely motion and that he otherwise moved diligently to pursue the Section 2255 motion. Thus, he cannot justify an equitable tolling of the limitations period. See United States v. Martin, 408 F.3d 1089, 1095 (8th Cir. 2005) (holding that equitable tolling is appropriate where "extraordinary

---

[2]To the extent Bolin's statement about some unspecified recent decisions by the U.S. Supreme Court and the Eighth Circuit Court of Appeals is a reference to United States v. Booker, --- U.S. ----, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and its progeny, his claim would still fail. In Never Misses A Shot v. United States, 413 F.3d 781 (8th Cir. 2005) (per curiam), the Eighth Circuit sided with "all circuit courts considering the issue to date," and held that Booker "does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Id. at 783-84 (noting that at the time of the opinion, the Second, Third, Sixth, Seventh, Tenth, and Eleventh Circuits had reached similar results). Since then, the Ninth Circuit has also held that Booker does not apply retroactively to cases on collateral review. United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005).

circumstances" beyond a prisoner's control prevented a timely filing of a Section 2255 motion, so long as "the petitioner or movant has demonstrated diligence in pursuing the matter.").

**CONCLUSION**

For all the above reasons, Bolin's Section 2255 motion should be dismissed as untimely.

Dated: December 1, 2005.

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

s/Nicole A. Engisch

BY: NICOLE A. ENGISCH
Assistant U.S. Attorney
Attorney ID No. 215284