UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
01-CR-62(JMR/FLN)
05-CV-2401(JMR)

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Donald Lee Bolin | ) | |

Donald Lee Bolin, pro se, petitions the Court pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, his motion is denied.

I. Background

On April 16, 2001, Mr. Bolin pleaded guilty to bank robbery in violation of 18 U.S.C. § 2113(a). On August 24, 2001, this Court sentenced him to 151 months' imprisonment, followed by three years' supervised release. The Court found Mr. Bolin to be a career offender under Section 4B1.1 of the United States Sentencing Guidelines. Mr. Bolin did not file a direct appeal, making his conviction final on September 3, 2001, ten days after sentencing.

On October 21, 2005, Mr. Bolin filed his § 2255 motion. His petition is based on two grounds: ineffective assistance of counsel, and improper application of the career offender guidelines.

II. Discussion

The federal Antiterrorism and Effective Death Penalty Act of 1996 modified 28 U.S.C. § 2255 by including a limit to the time within which such a motion may be made. Under the amended law, a

defendant is barred from filing a § 2255 petition more than one year after the latest of the following:

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255; see Moore v. United States, 173 F.3d 1131, 1133 (8th Cir. 1999).

A deviation from these requirements may be permitted if defendant demonstrates that extraordinary circumstances beyond his control prevented his filing a timely motion, and he otherwise moved diligently to file his motion. Under such conditions, it may be appropriate for the Court to toll the one-year limitations

period. See United States v. Martin, 408 F.3d 1089, 1095 (8th Cir. 2005).

Here, Mr. Bolin's conviction became final on September 3, 2001, ten days after he was sentenced. This was more than three years prior to filing the present petition. Petitioner has offered no indication that any of the tolling events might apply, nor that extraordinary circumstances prevented him from filing his motion.

Mr. Bolin's petition claims "recent decisions by the U.S. Supreme Court and the 8th Circuit Court of Appeals" would have affected the application of the career offender enhancement, [Petition at 5, Docket No. 31], but he does not identify those decisions. If he is referring to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and cases following, his claim is unavailing, because the Eighth Circuit has held that Booker is not retroactive. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). Even if Booker were retroactive, it would not apply, because Booker does not affect enhancements based on prior convictions, such as petitioner's career offender enhancement. United States v. Torres-Alvarado, 416 F.3d 808, 810 (8th Cir. 2005).

Under the Antiterrorism and Effective Death Penalty Act, Mr. Bolin's time to file this motion expired September 4, 2002. This petition was filed October 21, 2005, over three years later. His petition is untimely, and must be dismissed. United States v.

Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000).

The Court has considered whether issuance of a Certificate of Appealability ("COA") is appropriate. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). Having done so, it is clear that no issue raised in this motion is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994) (citation omitted). Mr. Bolin has not made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

III. Conclusion

For the foregoing reasons, Mr. Bolin's petition is denied. Accordingly, IT IS ORDERED that:

1. Mr. Bolin's motion for relief pursuant to 28 U.S.C. § 2255 is denied with prejudice. [Docket No. 31]
2. No Certificate of Appealability shall issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 5, 2006

s/ JAMES M. ROSENBAUM
JAMES M. ROSENBAUM
United States Chief District Judge